# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

OAK-HEE KIM,

    Plaintiff

    V.

ALBERT L. SHEFFER, et al.

    Defendants.

Case No.

## COMPLAINT

### Parties

1. The plaintiff is a resident of Newtonville, Eastern county Massachusetts and a citizen of the United States.

2. The defendant Albert L. Sheffer was a resident of Weston and a citizen of the United States.

3. The defendant Stephen Mathews is a resident of Framingham and a citizen of the United States.

4. The defendant Fredrick W. Kelso was a resident of Dedham and a citizen of the United States.

5. The defendant Kevin Hempe was a resident of Dedham and a citizen of the United States.

6. The defendant Cynthia Hawe was a resident of Wellesley and a citizen of the United States.

## Jurisdiction

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## Facts

8. The plaintiff has an environmental illness, a handicap under the Act 42 U.S.C.§ 3602(h); 24 C.F.R. § 100.20 (1991); or multiple chemical sensitivity (MCS); electromagnetic field sensitivity (EMF); and allergy I suffer. Such situation requires an accessible housing for avoidance from toxic environment exposure; only available remedy for survival been retaliation on the way. Rather, intentionally exposed me to toxic environment injured me for partial complex seizure (PCS), neurasthenia; toxic induced lose of tolerance (TILT), brain lapse, etc.

9. Thus, the defendant Albert L. Sheffer (D. Sheffer), exploited *an advantage of* my handicapped as Fatuous Person to be enslaved, and D. Sheffer became an acting director of the Wellesley Housing Authority (WHA), engaged in unlawful housing practice to ensnare me. As he expected, I then would beg for enslavement under his rein, tempted Fredrick W. Kelso, Dedham District Court, psychologist, whoes tendentious 44 page report based on False Representation, and pleaded me for an incompetent person. Thereby, it required guardian ad litem (GAL), gave D. Sheffer accolad to control me absolutely since (2002).

(2)

10. The unit I was in from the HUD No. 01-00-296-81/MCAD No. 00-5-0481, April 18, 2000, offered me by Louis M. Malerba, former executive director, WHA, and gave me key only urged me to accept 315 Weston Rd, Apt. C Wellesley (WLY), MA 02481. There, I could not maintain my handicapped's housing rights, by defendant Stephen Mathews (D. Mathews), staff lawyer, South Middlesex Legal Services (SMLS), now Middlesex Legal Clinic (MLC); he forced and threatened me, "You did this, that, disturbing Charlot (unit A, below me), 'you have to move to Washington St,' and Cynthia Hawe can evict you without court order!" Then followed that the defendant Cynthia Hawe (D. Hawe), executive director, WHA nailed hallway window, I needed to open for ventilation from unit A's toxic chemical products stored and used in common areas superfluously, intent to injure me, and my belongings being aired out before my entrance against wall, where I used space all been thrawn out. It was my entrance space, I needed importantly to air out with opened window, the unit A been quiet, but D. Sheffer, et al. encouraged unit A shout aloud against me.

11. I called defendant Fredrick W. Kelso (D. Kelso), responded as a little boy's mumbling, nervously, "Oh! Court ordered!" May 16, 2004, it wondered me that he might have another redherring to the Order No. 04-cv-11166-NG, June 21, 2004 from Order No. 0254 SU0583, December 6, 2002: FINDING ISSUE OF DEFENDANT'S INCOMPETENCY AND APPOINTMENT OF GUARDIAN AD LITEM PURSUANT TO G.L.C. 201, SECTION 34: Dr. Fredrick W. Kelso, designated forensic psychologist assigned... at this court, provided a comprehensive evaluation of Ms. Reusch (sic)'s competency in a 44 page report dated December 5, 2002.

12. The D. Hawe, WHA, lettered to D. Mathews, SMLS, June 4, 2004, "... Serve to inform you that the Wellesley Housing Authority, notified... that she will be transferred in accordance with her lease. "We are holding ground level apartment in Washington Street near the laundry facility, etc." This means secretively leased me to force me move to un/, or impractical place for MCS sufferer's housing, and ignored my explanation for my handicapped's accessible housing.

(3)

13. The defendant Kevin Hempe (D. Hempe), GAL, and D. Mathews, appointed and assigned by Judge Lynda M. Connolly, Dedham District Court, December 6, 2002, and they served D. Sheffe well to prevail D. Sheffer's rights to enslave me impetuously. Then I became homeless since December 2004; locked in psychiatric hospitals; mocked me with unfounded feat/rumor by released my incompetent record, "You are not danger to anyone, 'we have to discharge you!'" "You tied up windows!" "You physically assaulted your elderly neighbour!" "You poured water onto your neighbour!" And so on, that wherever I was, there, D. Sheffer's omnipresence, people abruptly taunted me unwholesomely, contrary to my haunted unwieldiest misfortune.

14. Thereunder, the inexpiable Enjoinment Order No. 04-cv-11166-NG, June 21, 2004, arrogated by the defendant Albert L. Sheffer (D. Sheffer) dyslogistically, nullified my grievance to this Court. Because D. Sheffer, et al. held absoluteness, one cannot expose them to the laws, and because of the D. Sheffer's belief for thraldom of me.

15. Dispite above order, I attempted to get copy of paper from my file, the female clerk of this Court, abased me for disservice, restrained my court accessibilities, and sternly urged me to leave. Then March 2009, her appearance and behavior with oddity, yet, I said; hi! She averted me.

16. I expressed above matter to executive officer of this Court (2004), she said, "I worked at SMLS, did not help you!" I did not see her until November 2004, "Because you have GAL!"

17. Another Order by the Thomas A Connor, Acting First Justice, Dedham District Court, Order No. 0254 SU 0583, October 25, 2004, "... issue concerning her conduct at the plaintiff's premises have persisted creating significant administrative difficulties for the plaintiff. "Beyond this that conduct has now begun to have an adverse impact upon

(4)

right of third parties of tenants ... some of them elderly, whoes housing situation have been place at risk, etc." One of the quiet elderly man moved to the other side of building to avoid Charlot, unit A, and I was intimidated that move to Washington St, or eviction. Then the male clerk of the Court saw the above order, became redfaced with trembly gesture gently, wanted to shout impression. Thereafter, the D. Hempe, "Judge Connor is in Superior Court now." (2006).

18. As the reasons stated above, that this Court relief be granted because plaintiff was injured, resulted by the defendants' Unlawful Act, and requests for penalty against each defendants' factum basis including but not limited to [compensatory damages; damages for sever emotional and physical distress; consequential damages; punitive damages; attorney(s)'s fees; costs; interests], and such other relief on the basis of this Court's decree. In addition, plaintiff requests for this file protection be permissive.

19. WHEREFORE, plaintiff demands judgment against each defendants for damages and such other relief as this Court deems just.

20. The plaintiff demands a trial by jury.

*[signature]*

Oak-hee Kim, "PRO SE"
23 Walker Street, Apt. C
Newtonville, MA 02460
(617) 964-1587