```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|   |   |
|---|---|
| IN RE PETITION FOR LEAVE TO ) | M.B.D. No. |
| FILE BY ENJOINED LITIGANT   ) | 21-mc-91634-WGY |

YOUNG, D.J.                                           November 4, 2021

**ORDER**

Petitioner Oak-Hee Kim ("Kim"), also known as Oak-Hee Ruesch, is a frequent pro se litigant who has been enjoined from filing new actions in the United States District Court for the District of Massachusetts without obtaining leave of court.  See Kim v. Mass. Comm'n Against Discrimination, et al., C.A. No. 15-12309-WGY (Dec. 5, 2017, ECF No. 10); Ruesch v. Goodhue, et al., C.A. No. 04-12390-NG (Nov. 17, 2004, ECF No. 7).

On October 21, 2021, Kim filed a petition seeking leave to file a complaint accompanied by motions to appoint counsel and for leave to proceed in forma pauperis.  Kim's proposed complaint alleges discrimination under the Fair Housing Act while a tenant of the Wellesley Housing Authority ("WHA").  The complaint consists primarily of a recounting of events that led to the initiation of eviction proceedings against Kim in 2002 as well as a judicial determination that she was incompetent resulting in the appointment of a guardian ad litem.  The five

named defendants are (1) Albert L. Sheffer, WHA acting director; (2) Stephen Mathews, legal services attorney; (3) Fredrick W. Kelso, court-appointed psychologist; (4) Kevin Hempe, guardian ad litem; and (5) Cynthia Hawe, WHA executive director.

The Court's records indicate that Kim has previously filed several other actions in this Court stemming from the events alleged in the proposed complaint.  See Ruesch v. Dillon, et al., C.A. No. 00-12163-NG (complaint alleged facts concerning 1999 eviction proceedings; dismissed under § 1915), aff'd, No. 01-1281 (1st Cir. Feb. 27, 2001); Ruesch v. Wellesley Hous. Auth., C.A. No. 02-12382-NG (granting defendants' motion to dismiss based on res judicata); Ruesch v. Malerba, et al., C.A. No. 03-12036-NG (dismissing under § 1915 based on res judicata); Ruesch v. Goodhue, et al., C.A. No. 04-11166-NG (dismissing under § 1915 based on res judicata and Rooker-Feldman doctrine); Ruesch v. Goodhue, et al. C.A. No. 04-12390-FDS (dismissing based on res judicata and enjoining plaintiff from filing without seeking leave of court).

The doctrine of claim preclusion, or res judicata, prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate."  Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  Claim preclusion requires proof "that (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits

are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." Metzier Asset Mgmt. GmbH v. Kingsley, 928 F.3d 151, 156 (1st Cir. 2019) (internal quotation marks omitted). "The principle of collateral estoppel, or issue preclusion ... bars relitigation of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim." Keystone Shipping Co. v. New England Power Co., 109 F.3d 46, 51, (1st Cir. 1997).

Here, Kim again seeks to bring suit concerning events that took place almost 20 years ago. The fact that her prior cases were dismissed has not deterred Kim from continuing to seek relief from this federal court. Kim's proposed complaint is barred by the doctrines of claim and/or issue preclusion.[1] See Ruesch v. Goodhue, et al., 04-11166-NG (Memorandum and Order, ECF No. 10); Ruesch v. Goodhue, et al. 04-12390-FDS (Memorandum and Order, ECF No. 6).

Accordingly,

1. The Motion for Leave to Proceed in forma pauperis is GRANTED.

---

[1] The Court's records indicate that Kim was previously denied leave to file suit against some or all these defendants. See Kim v. Goodhue, et al., M.B.D. No. 20-mc-91614-FDS; Kim v. O'Toole, et al., M.B.D. No. 20-mc-91611-FDS.

[3]

[4]

    2.    The Motion for Appointment of Counsel is DENIED.

    3.    The Petition for Leave to File is DENIED and the Clerk shall terminate this matter on the Court's docket.

**SO ORDERED.**

                              <u>/s/ William G. Young</u>
                              WILLIAM G. YOUNG
                              UNITED STATES DISTRICT JUDGE